IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 SEP 13  AM 11:57

US DISTRICT COURT
MIDDLE DISTRICT OF FL

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

               Plaintiff,

    v.

APPLE INC., MOTOROLA MOBILITY
HOLDINGS, INC., RESEARCH IN
MOTION LIMITED, RESEARCH IN
MOTION CORPORATION, KYOCERA
COMMUNICATIONS, INC., CASIO
COMPUTER CO., CASIO AMERICA,
INC., LTD, HTC CORPORATION, HTC
AMERICA, INC., NEC CORPORATION
OF AMERICA, INC., NOKIA
CORPORATION, NOKIA INC., HUAWEI
TECHNOLOGIES CO., LTD., HUAWEI
TECHNOLOGIES USA INC., CRICKET
COMMUNICATIONS, INC., LEAP
WIRELESS INTERNATIONAL INC.,
AT&T INC., CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS, SAMSUNG
ELECTRONICS CO., LTD., SAMSUNG
ELECTRONICS AMERICA, INC., LG
CORP., LG ELECTRONICS U.S.A., INC.,
AND T-MOBILE USA, INC.,

               Defendants.

6:11- CV-1512-ORL-35DAB

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"),

for its Complaint against defendants Apple Inc. ("Apple"), Motorola Mobility Holdings, Inc.

("Motorola"), Research in Motion Limited ("RIM"), Research in Motion Corporation ("RIM

USA"), Kyocera Communications, Inc. ("Kyocera"), Casio Computer Co., LTD ("Casio"), Casio

America, Inc. ("Casio America"), HTC Corporation ("HTC"), HTC America, Inc. ("HTC America"), NEC Corporation of America, Inc. ("NEC"), Nokia Corporation ("Nokia"), Nokia Inc. ("Nokia USA"), Huawei Technologies Co., Ltd. ("Huawei"), Huawei Technologies USA Inc. ("Huawei USA"), Cricket Communications, Inc. ("Cricket"), Leap Wireless International Inc. ("Leap"), AT&T Inc. ("AT&T"), Cellco Partnership (doing business as Verizon Wireless) ("Verizon"), Samsung Electronics Co., Ltd.("Samsung"), Samsung Electronics America, Inc. ("Samsung America"), LG Corp. ("LG"), LG Electronics U.S.A., Inc. ("LG USA"), and T-Mobile USA, Inc. ("T-Mobile") alleges the following:

## INTRODUCTION

1.  This is an action for infringement of United States Patent Nos. 5,719,922 ("the '922 patent") and 6,236,717 ("the '717 patent") under 35 U.S.C. § 271(a), (b), and (c).

## PARTIES

2.  Plaintiff Brandywine is a limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

3.  Upon information and belief, Apple is a corporation incorporated under the laws of the State of California and has its principal executive offices at 1 Infinite Loop, Cupertino, California 95014.  Upon information and belief, Apple has one or more offices or facilities within this judicial district.  Upon information and belief, Apple sells and offers to sell products and/or services throughout the United States, including in this judicial district, and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

4.      Upon information and belief, Motorola is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.  Upon information and belief, Motorola has one or more offices or facilities within this judicial district.  Upon information and belief, Motorola sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

5.      Upon information and belief, RIM is a holding company incorporated under the laws of Canada and has its principal executive offices at 295 Phillip Street, Waterloo, ON N2L 3W8, Canada. Upon information and belief, RIM has one or more offices or facilities within this judicial district.  Upon information and belief, RIM sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

6.      Upon information and belief, RIM USA is a corporation incorporated under the laws of the State of Delaware and has its principal executive offices at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039. Upon information and belief, RIM USA has one or more offices or facilities within this judicial district.  Upon information and belief, RIM USA sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

7.     Upon information and belief, Kyocera is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices at 5995 Pacific Center Blvd # 106, San Diego, CA 92121-6309.   Upon information and belief, Kyocera has one or more offices or facilities within this judicial district.   Upon information and belief, Kyocera sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

8.     Upon information and belief, Casio is a corporation organized and existing under the laws of Japan, with its principal executive offices at 6-2, Hon-machi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.   Upon information and belief, Casio has one or more offices or facilities within this judicial district.   Upon information and belief, Casio sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

9.     Upon information and belief, Casio America is a corporation organized and existing under the laws of the State of New York, with its principal executive offices at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.   Upon information and belief, Casio America has one or more offices or facilities within this judicial district.   Upon information and belief, Casio America sells and/or offers to sell products and services throughout the United States, including in this judicial district and introduces products and/or services that perform

infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

10.    Upon information and belief, HTC is a corporation organized and existing under the laws of Taiwan, with its principal executive offices at No. 23, Xinghua Rd., Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.   Upon information and belief, HTC has one or more offices or facilities within this judicial district.   Upon information and belief, HTC sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

11.    Upon information and belief, HTC America is a corporation organized and existing under the laws of the State of Washington, with its principal executive offices at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.   Upon information and belief, HTC America has one or more offices or facilities within this judicial district.   Upon information and belief, HTC America sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

12.    Upon information and belief, NEC is a corporation organized and existing under the laws of the State of Texas with its principal executive offices at 6535 North State Highway 161, Irving, Texas 75039.   Upon information and belief, NEC has one or more offices or facilities within this judicial district.   Upon information and belief, NEC sells and offers to sell products and/or services throughout the United States, including in this judicial district and

introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

13. Upon information and belief, Nokia is a corporation organized and existing under the laws of Finland with its principal executive offices at Keilalahdentie 40 2150 Espoo, Finland. Upon information and belief, Nokia has one or more offices or facilities within this judicial district. Upon information and belief, Nokia sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

14. Upon information and belief, Nokia USA is a corporation organized and existing under the laws of the State of Delaware with its principal executive offices at 102 Corporate Park Drive, White Plains, New York 10604. Upon information and belief, Nokia USA has one or more offices or facilities within this judicial district. Upon information and belief, Nokia USA sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

15. Upon information and belief, Huawei is a corporation organized and existing under the laws of the People's Republic of China, with its principal executive offices at Banxuegang Industrial Park, Bantian Longgang District, Shenzhen, Guangdong 518129. Upon information and belief, Huawei sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that

perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

16.     Upon information and belief, Huawei USA is a corporation organized and existing under the laws of the State of Texas, with its principal executive offices at 5700 Tennyson Pkwy, Suite 500, Plano, Texas 75201-4234.  Upon information and belief, Huawei USA sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

17.     Upon information and belief, Cricket is a corporation organized and existing under the laws of the State of Delaware and has its principal executive offices at 5887 Copley Dr., San Diego, CA 92111.  Upon information and belief, Cricket has one or more offices or facilities within this judicial district.  Upon information and belief, Cricket sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

18.     Upon information and belief, Leap is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices at 10307 Pacific Center Ct., San Diego, CA 92121.  Upon information and belief, Leap has one or more offices or facilities within this judicial district.  Upon information and belief, Leap sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces

products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

19.     Upon information and belief, AT&T is a holding company incorporated under the laws of the State of Delaware and has its principal executive offices at 208 S. Akard St., Dallas Texas, 75202. Upon information and belief, AT&T has one or more offices or facilities within this judicial district.  Upon information and belief, AT&T sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

20.     Upon information and belief, Verizon is a company organized and existing under the laws of the State of Delaware and has its principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920.  Upon information and belief, Verizon has one or more offices or facilities within this judicial district.  Upon information and belief, Verizon sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

21.     Upon information and belief, Samsung is a corporation organized and existing under the laws of Korea and has its principal executive offices at Samsung Town, Seoul, South Korea.  Upon information and belief, Samsung has one or more offices or facilities within this judicial district.  Upon information and belief, Samsung sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products

and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

22.     Upon information and belief, Samsung America is a corporation organized and existing under the laws of the State of New York and has its principal executive offices at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Upon information and belief, Samsung America has one or more offices or facilities within this judicial district.  Upon information and belief, Samsung America sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

23.     Upon information and belief, LG is a corporation organized and existing under the laws of Korea and has its principal executive offices at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150–721, Korea.  Upon information and belief, LG has one or more offices or facilities within this judicial district.  Upon information and belief, LG sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

24.     Upon information and belief, LG USA is a corporation organized and existing under the laws of the State of Delaware and has its principal executive offices at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Upon information and belief, LG USA has one or more offices or facilities within this judicial district.  Upon information and belief, LG USA sells and offers to sell products and/or services throughout the United States, including in this

judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

25.     Upon information and belief, T-Mobile is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices at 12920 SE 38th Street, Bellevue, Washington 98006. Upon information and belief, T-Mobile has one or more offices or facilities within this judicial district. Upon information and belief, T-Mobile sells and offers to sell products and/or services throughout the United States, including in this judicial district and introduces products and/or services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

26.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

27.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

28.     This Court has personal jurisdiction over the Defendants. Upon information and belief, each of the Defendants has transacted business in this judicial district directly or indirectly and has committed, contributed to, and/or induced acts of patent infringement in this judicial district including, among other things, through the sale of infringing products and/or products that perform infringing processes directly, or through retailers or other businesses located in Florida and this judicial jurisdiction.

29.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 5,719,922
### (35 U.S.C. § 271)

30.     The allegations set forth in the foregoing paragraphs 1 through 29 are
incorporated into this First Claim for Relief.

31.     On February 17, 1998, the '922 Patent, entitled "Simultaneous Voice/Data
Answering Machine," was duly and legally issued by the United States Patent and Trademark
Office to inventors Gordon Bremer and Richard Kent Smith (collectively "the '922 Inventors"),
and has been duly and legally assigned to Brandywine. All of the '922 Inventors reside in this
judicial district. At least as of the time of service of this Complaint, Defendants Apple, RIM,
RIM USA, Motorola, Kyocera, Casio, Casio America, HTC, HTC America, NEC, Nokia, Nokia
USA, Huawei, Huawei USA, Cricket, Leap, AT&T, Verizon, Samsung, Samsung America, LG,
LG USA, and T-Mobile had actual knowledge of the '922 Patent. A copy of the '922 patent is
attached as Exhibit A.

32.     Upon information and belief, Defendant Apple has infringed and continues to
infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,
using, selling and offering for sale, services and products that infringe and/or perform processes
that infringe one or more claims of the '922 patent ("Apple Accused Services and Products for
the '922 patent").

33.     Apple Accused Services and Products for the '922 patent include, but are not
limited to, iPhone 4, iPhone 3, iPhone 2. iPhone 1, iPad 2 and iPad 1.

34.     Upon information and belief, Apple has committed and continues to commit acts
of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. §
271(c) in that Apple has made, used, sold, offered to sell, and/or imported, or continues to make,

use, sell, offer to sell services and products including Apple Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such products to its customers, whose use of such products constitutes direct infringement of one or more claims of the '922 patent.

35.   Upon information and belief, Apple has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

36.   Because of Apple's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

37.   Upon information and belief, Defendant Motorola has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Motorola Accused Services and Products for the '922 patent").

38.   Motorola Accused Services and Products for the '922 patent include, but are not limited to, Motorola Atrix 4G, Photon 4G, Droid X2, Droid 3 and Xprt.

39.   Upon information and belief, Motorola has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Motorola has made, used, sold, offered to sell, and/or and continues to make, use, sell, offer to sell, services and products including but not limited to Motorola Accused

Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

40.     Upon information and belief, Motorola has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

41.     Because of Motorola's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

42.     Upon information and belief, Defendant RIM has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("RIM Accused Services and Products for the '922 patent").

43.     Upon information and belief, RIM Accused Services and Products for the '922 patent include, but are not limited to, Blackberry Bold, Torch 9860, Torch 9850, Torch 9810, Torch 9800, Curve, Style and Pearl.

44.     Upon information and belief, RIM has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that RIM has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to RIM Accused Services and Products for

the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

45.     Upon information and belief, RIM has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

46.     Upon information and belief, Defendant RIM USA has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("RIM USA Accused Services and Products for the '922 patent").

47.     Upon information and belief, RIM USA Accused Services and Products for the '922 patent include, but are not limited to, Blackberry Bold, Torch 9860, Torch 9850, Torch 9810, Torch 9800, Curve, Style and Pearl.

48.     Upon information and belief, RIM USA has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that RIM USA has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to RIM USA Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

49.     Upon information and belief, RIM USA has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

50.     Because of RIM USA's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

51.     Because of RIM USA's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

52.     Upon information and belief, Defendant Kyocera has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Kyocera Accused Services and Products for the '922 patent").

53.     Upon information and belief, Kyocera Accused Services and Products for the '922 patent include, but are not limited to, Kyocera Echo, Luno and Rio Smartphones and the Sanyo Taho, Innuendo, Zio and Vera Smartphones.

54.     Upon information and belief, Kyocera has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Kyocera has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Kyocera Accused Services and

Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

55.     Upon information and belief, Kyocera has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

56.     Because of Kyocera's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

57.     Upon information and belief, Defendant Casio has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Casio Accused Services and Products for the '922 patent").

58.     Upon information and belief, Casio Accused Services and Products for the '922 patent include, but are not limited to, Casio G'zOne Buoler, G'zOne Type-S, G'zOne Type-V, SH-G1000, SH P3000, G'zOne Commando, G'zOne Ravine, G'zOne Brigade, G'zOne Rock, and G'zOne Boulder.

59.     Upon information and belief, Casio has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Casio has made, used, sold, offered to sell, or continues to make, use, sell, offer to

sell, services and products including but not limited to Casio Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

60.    Upon information and belief, Casio has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

61.    Because of Casio's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

62.    Upon information and belief, Defendant Casio America has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Casio America Accused Services and Products for the '922 patent").

63.    Upon information and belief, Casio America Accused Services and Products for the '922 patent include, but are not limited to, Casio G'zOne Buoler, G'zOne Type-S, G'zOne Type-V, SH-G1000, SH P3000, G'zOne Commando, G'zOne Ravine, G'zOne Brigade, G'zOne Rock, and G'zOne Boulder.

64.    Upon information and belief, Casio America has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under

35 U.S.C. § 271(c) in that Casio America has made, used, sold, offered to sell, or continues to

make, use, sell, offer to sell, services and products including but not limited to Casio America

Accused Services and Products for the '922 patent, which have no substantial non-infringing

uses, and provides such services and products to its customers, whose use of such services and

products constitutes direct infringement of one or more claims of the '922 patent.

65.    Upon information and belief, Casio America has induced and continues to induce

others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among

other things, actively and knowingly aiding and abetting others to infringe, including, but not

limited to consumers whose use of such services and products constitutes direct infringement of

one or more claims of the '922 patent.

66.    Because of Casio America's infringement, inducement of infringement, and

contributory infringement of the '922 patent, Brandywine has suffered damages and will

continue to suffer damages in the future.

67.    Upon information and belief, Defendant HTC has infringed and continues to

infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that

infringe one or more claims of the '922 patent ("HTC Accused Services and Products for the

'922 patent").

68.    Upon information and belief, HTC Accused Services and Products for the '922

patent include, but are not limited to, HTC Wildfire S; myTouch 4g Slide; Status; EVO 3D and

EVO series; Sensation 4g; 7 Pro; HD7S; Trophy; Merge; Droid Incredible 2; Arrive; EVO Shift;

Freestyle; ThunderBolt; Inspire 4g; Wildfire; Surround; Droid Incredible; Aria; Desire; HD2;

Hero; Tilt; Touch Pro2; Ozone; Dash 3G; and Touch Cruise.

69.     Upon information and belief, HTC has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that HTC has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to HTC Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

70.     Upon information and belief, HTC has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

71.     Because of HTC's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

72.     Upon information and belief, Defendant HTC America has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("HTC America Accused Services and Products for the '922 patent").

73.     Upon information and belief, HTC America Accused Services and Products for the '922 patent include, but are not limited to, HTC Wildfire S; myTouch 4g Slide; Status; EVO 3D and EVO series; Sensation 4g; 7 Pro; HD7S; Trophy; Merge; Droid Incredible 2; Arrive;

EVO Shift; Freestyle; ThunderBolt; Inspire 4g; Wildfire; Surround; Droid Incredible; Aria;

Desire; HD2; Hero; Tilt; Touch Pro2; Ozone; Dash 3G; and Touch Cruise.

74.     Upon information and belief, HTC America has committed and continues to

commit acts of contributory infringement of one or more of the claims of the '922 patent under

35 U.S.C. § 271(c) in that HTC America has made, used, sold, offered to sell, or continues to

make, use, sell, offer to sell, services and products including but not limited to HTC America

Accused Services and Products for the '922 patent, which have no substantial non-infringing

uses, and provides such services and products to its customers, whose use of such services and

products constitutes direct infringement of one or more claims of the '922 patent.

75.     Upon information and belief, HTC America has induced and continues to induce

others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among

other things, actively and knowingly aiding and abetting others to infringe, including, but not

limited to consumers whose use of such services and products constitutes direct infringement of

one or more claims of the '922 patent.

76.     Because of HTC America's infringement, inducement of infringement, and

contributory infringement of the '922 patent, Brandywine has suffered damages and will

continue to suffer damages in the future.

77.     Upon information and belief, Defendant NEC has infringed and continues to

infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that

infringe one or more claims of the '922 patent ("NEC Accused Services and Products for the

'922 patent").

78.     Upon information and belief, NEC Accused Services and Products for the '922 patent include, but are not limited to, NEC 2332E Fitness Phone, 535M Megapixel Camera Phone, a232 HDM Camera Phone, 515 HDM, and 525 HDM.

79.     Upon information and belief, NEC has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that NEC has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to NEC Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

80.     Upon information and belief, NEC has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

81.     Because of NEC's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

82.     Upon information and belief, Defendant Nokia has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Nokia Accused Services and Products for the '922 patent").

---

83.     Upon information and belief, Nokia Accused Services and Products for the '922 patent include, but are not limited to, Nokia N8-00, E7-00, C6-01, E6-00, C7, E5-00, X3-02, C5-03, C2-01, C3-01, and C1-01.

84.     Upon information and belief, Nokia has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Nokia has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Nokia Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

85.     Upon information and belief, Nokia has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

86.     Because of Nokia's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

87.     Upon information and belief, Defendant Nokia USA has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Nokia USA Accused Services and Products for the '922 patent").

88.     Upon information and belief, Nokia USA Accused Services and Products for the '922 patent include, but are not limited to, Nokia N8-00, E7-00, C6-01, E6-00, C7, E5-00, X3-02, C5-03, C2-01, C3-01, and C1-01.

89.     Upon information and belief, Nokia USA has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Nokia USA has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Nokia USA Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

90.     Upon information and belief, Nokia USA has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

91.     Because of Nokia USA's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

92.     Upon information and belief, Defendant Huawei has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Huawei Accused Services and Products for the '922 patent").

93. Upon information and belief, Huawei Accused Services and Products for the '922 patent include, but are not limited to, Huawei G6600, G7010, M735, U7520, G6620, M228, M750, U120, Ascend X, Sonic, M865, Boulder, M835, IDEOS X3, IDEOS X5, M860, IDEOS, U8300, U8110, U8100, and U8220.

94. Upon information and belief, Huawei has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Huawei has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Huawei Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

95. Upon information and belief, Huawei has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

96. Because of Huawei's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

97. Upon information and belief, Defendant Huawei USA has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform

processes that infringe one or more claims of the '922 patent ("Huawei USA Accused Services and Products for the '922 patent").

98. Upon information and belief, Huawei USA Accused Services and Products for the '922 patent include, but are not limited to, Huawei G6600, G7010, M735, U7520, G6620, M228, M750, U120, Ascend X, Sonic, M865, Boulder, M835, IDEOS X3, IDEOS X5, M860, IDEOS, U8300, U8110, U8100, and U8220.

99. Upon information and belief, Huawei USA has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Huawei USA has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Huawei USA Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

100. Upon information and belief, Huawei USA has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

101. Because of Huawei USA's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

102. Upon information and belief, Defendant Cricket has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Cricket Accused Services and Products for the '922 patent").

103. Upon information and belief, Cricket Accused Services and Products for the '922 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

104. Upon information and belief, Cricket has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Cricket has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Cricket Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

105. Upon information and belief, Cricket has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

106. Because of Cricket's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

107. Upon information and belief, Defendant Leap has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Leap Accused Services and Products for the '922 patent").

108.    Upon information and belief, Leap Accused Services and Products for the '922 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

109.    Upon information and belief, Leap has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Leap has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Leap Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

110.    Upon information and belief, Leap has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

111.    Because of Leap's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

112.    Upon information and belief, Defendant AT&T has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("AT&T Accused Services and Products for the '922 patent").

113.    Upon information and belief, AT&T Accused Services and Products for the '922 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

114.    Upon information and belief, AT&T has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to AT&T Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

115.    Upon information and belief, AT&T has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

116.    Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

117.    Upon information and belief, Defendant Verizon has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Verizon Accused Services and Products for the '922 patent").

118. Upon information and belief, Verizon Accused Services and Products for the '922 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

119. Upon information and belief, Verizon has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Verizon has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Verizon Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

120. Upon information and belief, Verizon has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

121. Because of Verizon's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

122. Upon information and belief, Defendant Samsung has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Samsung Accused Services and Products for the '922 patent").

123.    Upon information and belief, Samsung Accused Services and Products for the '922 patent include, but are not limited to, Samsung Droid Charge; 4G LTE Mobile Hotspot; Fascinate Android Smartphone; Nexus 4g Android; Epic 4G Android; Galaxy S Android; T-Mobile Sidekick 4G Android; Exhibit 4G; Vitality Android; a197 Cell Phone; Gravity TXT QWERTY Cellphone; Mythic Touchscreen Cell Phone; Gem Android; Comment Cell Phone; Chrono Cellphone; Admire Android; Convoy Cell Phone; Conquer 4G Android; Character Touchscreen Cell phone; Freeform III Cell Phone; Dart Android; t528 Cell Phone; Indulge Android; Trender; t340 Cell Phone; t330 Cell Phone; Restore QWERTY Cell Phone; Reality Touchscreen Cell Phone; Gravity Touch QWERTY Cell phone; Factor Cell Phone; m360 Cell Phone; Alias 2 QWERTY Cell Phone; Mondi Smartphone; Messager II Qwerty Cell Phone; MyShot II Cell Phone; Omnia II Touchscreen Smartphone; Freeform Qwerty cell phone; Highlight Touchscreen cell phone; Smooth Cell Phone; t401g Cell Phone; Caliber Touchscreen cell phone; Flight Qwerty cell phone; Trill Cell phone; Double Take Qwerty cell phone; Stunt cell phone; Sunburst Touchscreen cell phone; Strive qwerty cell phone; Exec qwerty cell phone; Rant qwerty cell phone; r355c qwerty cell phone; Stride cell phone; Seek Cell Phone; Rugby II cell phone; Smiley :) QWERTY Cell phone; Code Qwerty cell phone; Intercept qwerty cell phone; Haven cell phone; Intensity II qwerty cell phone; SGH-T369 cell phone; Eternity II Touchscreen cell phone; Gusto cell phone; Messager Touch QWERTy, t259 cell phone; Craft QWERTY; a187; t255G; R335C; Messager III QWERTY; Contour cell phone; Zeal QWERTY; Profile QWERTY; Suede Touchscreen cell; Gem Touchscreen cell; Showcase i500 Android;

Mesmerize i500 Android; Vibrant Android; Nexus Android; Acclaim Android; Galaxy Indulge QWERTY cell phone; Galaxy Prevail Android; a107 cell phone; Solstice II Touchscreen; Evergreen Qwerty; Focus Windows Smartphone; Transform QWERTY; and Replenish.

124.    Upon information and belief, Samsung has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Samsung has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Samsung Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

125.    Upon information and belief, Samsung has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

126.    Because of Samsung's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

127.    Upon information and belief, Defendant Samsung America has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Samsung America Accused Services and Products for the '922 patent").

128.    Upon information and belief, Samsung America Accused Services and Products for the '922 patent include, but are not limited to, Samsung Droid Charge; 4G LTE Mobile Hotspot; Fascinate Android Smartphone; Nexus 4g Android; Epic 4G Android; Galaxy S Android; T-Mobile Sidekick 4G Android; Exhibit 4G; Vitality Android; a197 Cell Phone; Gravity TXT QWERTY Cellphone; Mythic Touchscreen Cell Phone; Gem Android; Comment Cell Phone; Chrono Cellphone; Admire Android; Convoy Cell Phone; Conquer 4G Android; Character Touchscreen Cell phone; Freeform III Cell Phone; Dart Android; t528 Cell Phone; Indulge Android; Trender; t340 Cell Phone; t330 Cell Phone; Restore QWERTY Cell Phone; Reality Touchscreen Cell Phone; Gravity Touch QWERTY Cell phone; Factor Cell Phone; m360 Cell Phone; Alias 2 QWERTY Cell Phone; Mondi Smartphone; Messager II Qwerty Cell Phone; MyShot II Cell Phone; Omnia II Touchscreen Smartphone; Freeform Qwerty cell phone; Highlight Touchscreen cell phone; Smooth Cell Phone; t401g Cell Phone; Caliber Touchscreen cell phone; Flight Qwerty cell phone; Trill Cell phone; Double Take Qwerty cell phone; Stunt cell phone; Sunburst Touchscreen cell phone; Strive qwerty cell phone; Exec qwerty cell phone; Rant qwerty cell phone; r355c qwerty cell phone; Stride cell phone; Seek Cell Phone; Rugby II cell phone; Smiley :) QWERTY Cell phone; Code Qwerty cell phone; Intercept qwerty cell phone; Haven cell phone; Intensity II qwerty cell phone; SGH-T369 cell phone; Eternity II Touchscreen cell phone; Gusto cell phone; Messager Touch QWERTy, t259 cell phone; Craft QWERTY; a187; t255G; R335C; Messager III QWERTY; Contour cell phone; Zeal QWERTY; Profile QWERTY; Suede Touchscreen cell; Gem Touchscreen cell; Showcase i500 Android; Mesmerize i500 Android; Vibrant Android; Nexus Android; Acclaim Android; Galaxy Indulge QWERTY cell phone; Galaxy Prevail Android; a107 cell phone; Solstice II Touchscreen; Evergreen Qwerty; Focus Windows Smartphone; Transform QWERTY; and Replenish.

129.   Upon information and belief, Samsung America has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that Samsung America has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Samsung America Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

130.   Upon information and belief, Samsung America has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

131.   Because of Samsung America's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

132.   Upon information and belief, Defendant LG has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("LG Accused Services and Products for the '922 patent").

133.   Upon information and belief, LG Accused Services and Products for the '922 patent include, but are not limited to, LG Thrill P925; Attune UN270; Revolution VS910; Genesis US760; G2X P999; Thrive P506; Phoenix P505; Saber UN200; Optimus V VM670;

Optimus U US670; Optimus M MS690; Optimus T; Optimus S and Optimus Series Phones;

Cosmos Touch VN270; Apex US740; Axis LGAS740; Vortex VS660; Quantum C900; Octane

VN 530; Neon II GW 370; Encore GT550; GS170; dLite GD570; Sentio GS505; Wine II AN430

and Series; Vu Plus GR700; Prime GS390; Samba LG8575; GU292; Ally VS740; Fathom

VS750; Remarq LN240; Rumor Touch VM510 and Series; Nite LG230; Imprint MN240;

Mystique UN610; LG620; LG420G; Ellipse 9250; Helix UX310 and other Helix Series Phones;

Cosmos VN250; Arena GT950; Lotus Elite LX610; Accolate VX5600; UX220; eXpo GW820;

Shine II GD710; Chocolate Touch VX8575; Touch AX8575; Force LG370; Script LG265 Green

and other Script Series Phones; Lyric MT375; AX310 other; Bliss UX700; Rumor2 VM265;

Spyder II LG840 and other Spyder Series; LX370; Tritan UX840, AX840 and other AX Series;

Tritan Series; enV Touch VX11000 and other enV Series; Glance VX7100; Neon GT365; Lotus

LX600 Red and other Lotus series; Xenon GR500; Versa VX9600; Vu CU920; Incite CT810;

CP150; Wine UX280; Rhythm UX585; Scoop AX260; Swift AX500; Voyager VX10000;

Invision CB 630; Chocolate 3 VX8560; Dare VX9700; Decoy Series; Glimmer Series; Flare

Series; Venus Series; Chocolate Series; Muziq LX 570; and Wave AX380.

134.   Upon information and belief, LG has committed and continues to commit acts of

contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. §

271(c) in that LG has made, used, sold, offered to sell, or continues to make, use, sell, offer to

sell, services and products including but not limited to LG Accused Services and Products for the

'922 patent, which have no substantial non-infringing uses, and provides such services and

products to its customers, whose use of such services and products constitutes direct

infringement of one or more claims of the '922 patent.

135.   Upon information and belief, LG has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

136.   Because of LG's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

137.   Upon information and belief, Defendant LG USA has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("LG USA Accused Services and Products for the '922 patent").

138.   Upon information and belief, LG USA Accused Services and Products for the '922 patent include, but are not limited to, LG Thrill P925; Attune UN270; Revolution VS910; Genesis US760; G2X P999; Thrive P506; Phoenix P505; Saber UN200; Optimus V VM670; Optimus U US670; Optimus M MS690; Optimus T; Optimus S and Optimus Series Phones; Cosmos Touch VN270; Apex US740; Axis LGAS740; Vortex VS660; Quantum C900; Octane VN 530; Neon II GW 370; Encore GT550; GS170; dLite GD570; Sentio GS505; Wine II AN430 and Series; Vu Plus GR700; Prime GS390; Samba LG8575; GU292; Ally VS740; Fathom VS750; Remarq LN240; Rumor Touch VM510 and Series; Nite LG230; Imprint MN240; Mystique UN610; LG620; LG420G; Ellipse 9250; Helix UX310 and other Helix Series Phones; Cosmos VN250; Arena GT950; Lotus Elite LX610; Accolate VX5600; UX220; eXpo GW820;

Shine II GD710; Chocolate Touch VX8575; Touch AX8575; Force LG370; Script LG265 Green

and other Script Series Phones; Lyric MT375; AX310 other; Bliss UX700; Rumor2 VM265;

Spyder II LG840 and other Spyder Series; LX370; Tritan UX840, AX840 and other AX Series;

Tritan Series; enV Touch VX11000 and other enV Series; Glance VX7100; Neon GT365; Lotus

LX600 Red and other Lotus series; Xenon GR500; Versa VX9600; Vu CU920; Incite CT810;

CP150; Wine UX280; Rhythm UX585; Scoop AX260; Swift AX500; Voyager VX10000;

Invision CB 630; Chocolate 3 VX8560; Dare VX9700; Decoy Series; Glimmer Series; Flare

Series; Venus Series; Chocolate Series; Muziq LX 570; and Wave AX380.

139.   Upon information and belief, LG USA has committed and continues to commit

acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C.

§ 271(c) in that LG USA has made, used, sold, offered to sell, or continues to make, use, sell,

offer to sell, services and products including but not limited to LG USA Accused Services and

Products for the '922 patent, which have no substantial non-infringing uses, and provides such

services and products to its customers, whose use of such services and products constitutes direct

infringement of one or more claims of the '922 patent.

140.   Upon information and belief, LG USA has induced and continues to induce others

to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other

things, actively and knowingly aiding and abetting others to infringe, including, but not limited

to consumers whose use of such services and products constitutes direct infringement of one or

more claims of the '922 patent.

141.   Because of LG USA's infringement, inducement of infringement, and

contributory infringement of the '922 patent, Brandywine has suffered damages and will

continue to suffer damages in the future.

142.   Upon information and belief, Defendant T-Mobile has infringed and continues to infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("T-Mobile Accused Services and Products for the '922 patent").

143.   Upon information and belief, T-Mobile Accused Services and Products for the '922 patent include, but are not limited to, T-Mobile Comet, G2x, and Sidekick 4G.

144.   Upon information and belief, T-Mobile has committed and continues to commit acts of contributory infringement of one or more of the claims of the '922 patent under 35 U.S.C. § 271(c) in that T-Mobile has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to T-Mobile Accused Services and Products for the '922 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

145.   Upon information and belief, T-Mobile has induced and continues to induce others to infringe one or more claims of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '922 patent.

146.   Because of T-Mobile's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,236,717
### (35 U.S.C. § 271)

147. The allegations set forth in the foregoing paragraphs 1 through 146 are incorporated into this Second Claim for Relief.

148. On May 22, 2001, the '717 Patent, entitled "Simultaneous Voice/Data Answering Machine" was duly and legally issued by the United States Patent and Trademark Office to inventors Gordon Bremer and Richard Kent Smith ("the '717 Inventors"), and has been duly and legally assigned to Brandywine. The '717 Inventors reside within this judicial district. At least as of the time of service of this Complaint, Defendants Apple, RIM, RIM USA, Motorola, Kyocera, Casio, Casio America, HTC, HTC America, NEC, Nokia, Nokia USA, Huawei, Huawei USA, Cricket, Leap, AT&T, Verizon, Samsung, Samsung America, LG, LG USA, and T-Mobile had actual knowledge of the '717 Patent. A copy of the '717 patent is attached as Exhibit B.

149. Upon information and belief, Defendant Apple has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Apple Accused Services and Products for the '717 patent").

150. Apple Accused Services and Products for the '717 patent include, but are not limited to, iPhone 4, iPhone 3, iPhone 2. iPhone 1, iPad 2 and iPad 1.

151. Upon information and belief, Apple has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Apple has made, used, sold, offered to sell, and/or imported, or continues to make,

use, sell, offer to sell services and products including Apple Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such products to its customers, whose use of such products constitutes direct infringement of one or more claims of the '717 patent.

152. Upon information and belief, Apple has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

153. Because of Apple's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

154. Upon information and belief, Defendant Motorola has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Motorola Accused Services and Products for the '717 patent").

155. Motorola Accused Services and Products for the '717 patent include, but are not limited to, Motorola Atrix 4G, Photon 4G, Droid X2, Droid 3 and Xprt.

156. Upon information and belief, Motorola has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Motorola has made, used, sold, offered to sell, and/or and continues to make, use, sell, offer to sell, services and products including but not limited to Motorola Accused

Services and Products for the '717 patent, which have no substantial non-infringing uses, and

provides such services and products to its customers, whose use of such services and products

constitutes direct infringement of one or more claims of the '717 patent.

157.    Upon information and belief, Motorola has induced and continues to induce

others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among

other things, actively and knowingly aiding and abetting others to infringe, including, but not

limited to consumers whose use of such services and products constitutes direct infringement of

one or more claims of the '717 patent.

158.    Because of Motorola's infringement, inducement of infringement, and

contributory infringement of the '717 patent, Brandywine has suffered damages and will

continue to suffer damages in the future.

159.    Upon information and belief, Defendant RIM has infringed and continues to

infringe one or more claims of the '717 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that

infringe one or more claims of the '717 patent ("RIM Accused Services and Products for the

'717 patent").

160.    Upon information and belief, RIM Accused Services and Products for the '717

patent include, but are not limited to, Blackberry Bold, Torch 9860, Torch 9850, Torch 9810,

Torch 9800, Curve, Style and Pearl.

161.    Upon information and belief, RIM has committed and continues to commit acts of

contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. §

271(c) in that RIM has made, used, sold, offered to sell, or continues to make, use, sell, offer to

sell, services and products including but not limited to RIM Accused Services and Products for

the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

162.    Upon information and belief, RIM has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

163.    Upon information and belief, Defendant RIM USA has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("RIM USA Accused Services and Products for the '717 patent").

164.    Upon information and belief, RIM USA Accused Services and Products for the '717 patent include, but are not limited to, Blackberry Bold, Torch 9860, Torch 9850, Torch 9810, Torch 9800, Curve, Style and Pearl.

165.    Upon information and belief, RIM USA has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that RIM USA has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to RIM USA Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

166. Upon information and belief, RIM USA has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

167. Because of RIM USA's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

168. Because of RIM USA's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

169. Upon information and belief, Defendant Kyocera has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Kyocera Accused Services and Products for the '717 patent").

170. Upon information and belief, Kyocera Accused Services and Products for the '717 patent include, but are not limited to, Kyocera Echo, Luno and Rio Smartphones and the Sanyo Taho, Innuendo, Zio and Vera Smartphones.

171. Upon information and belief, Kyocera has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Kyocera has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Kyocera Accused Services and

Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

172. Upon information and belief, Kyocera has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

173. Because of Kyocera's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

174. Upon information and belief, Defendant Casio has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Casio Accused Services and Products for the '717 patent").

175. Upon information and belief, Casio Accused Services and Products for the '717 patent include, but are not limited to, Casio G'zOne Buoler, G'zOne Type-S, G'zOne Type-V, SH-G1000, SH P3000, G'zOne Commando, G'zOne Ravine, G'zOne Brigade, G'zOne Rock, and G'zOne Boulder.

176. Upon information and belief, Casio has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Casio has made, used, sold, offered to sell, or continues to make, use, sell, offer to

sell, services and products including but not limited to Casio Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

177.    Upon information and belief, Casio has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

178.    Because of Casio's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

179.    Upon information and belief, Defendant Casio America has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Casio America Accused Services and Products for the '717 patent").

180.    Upon information and belief, Casio America Accused Services and Products for the '717 patent include, but are not limited to, Casio G'zOne Buoler, G'zOne Type-S, G'zOne Type-V, SH-G1000, SH P3000, G'zOne Commando, G'zOne Ravine, G'zOne Brigade, G'zOne Rock, and G'zOne Boulder.

181.    Upon information and belief, Casio America has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under

35 U.S.C. § 271(c) in that Casio America has made, used, sold, offered to sell, or continues to

make, use, sell, offer to sell, services and products including but not limited to Casio America

Accused Services and Products for the '717 patent, which have no substantial non-infringing

uses, and provides such services and products to its customers, whose use of such services and

products constitutes direct infringement of one or more claims of the '717 patent.

182.   Upon information and belief, Casio America has induced and continues to induce

others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among

other things, actively and knowingly aiding and abetting others to infringe, including, but not

limited to consumers whose use of such services and products constitutes direct infringement of

one or more claims of the '717 patent.

183.   Because of Casio America's infringement, inducement of infringement, and

contributory infringement of the '717 patent, Brandywine has suffered damages and will

continue to suffer damages in the future.

184.   Upon information and belief, Defendant HTC has infringed and continues to

infringe one or more claims of the '717 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that

infringe one or more claims of the '717 patent ("HTC Accused Services and Products for the

'717 patent").

185.   Upon information and belief, HTC Accused Services and Products for the '717

patent include, but are not limited to, HTC Wildfire S; myTouch 4g Slide; Status; EVO 3D and

EVO series; Sensation 4g; 7 Pro; HD7S; Trophy; Merge; Droid Incredible 2; Arrive; EVO Shift;

Freestyle; ThunderBolt; Inspire 4g; Wildfire; Surround; Droid Incredible; Aria; Desire; HD2;

Hero; Tilt; Touch Pro2; Ozone; Dash 3G; and Touch Cruise.

186.    Upon information and belief, HTC has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that HTC has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to HTC Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

187.    Upon information and belief, HTC has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

188.    Because of HTC's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

189.    Upon information and belief, Defendant HTC America has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("HTC America Accused Services and Products for the '717 patent").

190.    Upon information and belief, HTC America Accused Services and Products for the '717 patent include, but are not limited to, HTC Wildfire S; myTouch 4g Slide; Status; EVO 3D and EVO series; Sensation 4g; 7 Pro; HD7S; Trophy; Merge; Droid Incredible 2; Arrive;

EVO Shift; Freestyle; ThunderBolt; Inspire 4g; Wildfire; Surround; Droid Incredible; Aria; Desire; HD2; Hero; Tilt; Touch Pro2; Ozone; Dash 3G; and Touch Cruise.

191.    Upon information and belief, HTC America has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that HTC America has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to HTC America Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

192.    Upon information and belief, HTC America has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

193.    Because of HTC America's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

194.    Upon information and belief, Defendant NEC has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("NEC Accused Services and Products for the '717 patent").

195. Upon information and belief, NEC Accused Services and Products for the '717 patent include, but are not limited to, NEC 2332E Fitness Phone, 535M Megapixel Camera Phone, a232 HDM Camera Phone, 515 HDM, and 525 HDM.

196. Upon information and belief, NEC has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that NEC has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to NEC Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

197. Upon information and belief, NEC has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

198. Because of NEC's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

199. Upon information and belief, Defendant Nokia has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Nokia Accused Services and Products for the '717 patent").

200.    Upon information and belief, Nokia Accused Services and Products for the '717 patent include, but are not limited to, Nokia N8-00, E7-00, C6-01, E6-00, C7, E5-00, X3-02, C5-03, C2-01, C3-01, and C1-01.

201.    Upon information and belief, Nokia has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Nokia has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Nokia Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

202.    Upon information and belief, Nokia has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

203.    Because of Nokia's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

204.    Upon information and belief, Defendant Nokia USA has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Nokia USA Accused Services and Products for the '717 patent").

205.   Upon information and belief, Nokia USA Accused Services and Products for the '717 patent include, but are not limited to, Nokia N8-00, E7-00, C6-01, E6-00, C7, E5-00, X3-02, C5-03, C2-01, C3-01, and C1-01.

206.   Upon information and belief, Nokia USA has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Nokia USA has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Nokia USA Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

207.   Upon information and belief, Nokia USA has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

208.   Because of Nokia USA's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

209.   Upon information and belief, Defendant Huawei has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Huawei Accused Services and Products for the '717 patent").

210. Upon information and belief, Huawei Accused Services and Products for the '717 patent include, but are not limited to, Huawei G6600, G7010, M735, U7520, G6620, M228, M750, U120, Ascend X, Sonic, M865, Boulder, M835, IDEOS X3, IDEOS X5, M860, IDEOS, U8300, U8110, U8100, and U8220.

211. Upon information and belief, Huawei has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Huawei has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Huawei Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

212. Upon information and belief, Huawei has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

213. Because of Huawei's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

214. Upon information and belief, Defendant Huawei USA has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform

processes that infringe one or more claims of the '717 patent ("Huawei USA Accused Services and Products for the '717 patent").

215.    Upon information and belief, Huawei USA Accused Services and Products for the '717 patent include, but are not limited to, Huawei G6600, G7010, M735, U7520, G6620, M228, M750, U120, Ascend X, Sonic, M865, Boulder, M835, IDEOS X3, IDEOS X5, M860, IDEOS, U8300, U8110, U8100, and U8220.

216.    Upon information and belief, Huawei USA has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Huawei USA has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Huawei USA Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

217.    Upon information and belief, Huawei USA has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

218.    Because of Huawei USA's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

219.    Upon information and belief, Defendant Cricket has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Cricket Accused Services and Products for the '717 patent").

220.    Upon information and belief, Cricket Accused Services and Products for the '717 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

221.    Upon information and belief, Cricket has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Cricket has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Cricket Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

222.    Upon information and belief, Cricket has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

223.    Because of Cricket's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

224.    Upon information and belief, Defendant Leap has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Leap Accused Services and Products for the '717 patent").

225.    Upon information and belief, Leap Accused Services and Products for the '717 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

226.    Upon information and belief, Leap has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Leap has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Leap Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

227.    Upon information and belief, Leap has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

228.    Because of Leap's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

229.    Upon information and belief, Defendant AT&T has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("AT&T Accused Services and Products for the '717 patent").

230.    Upon information and belief, AT&T Accused Services and Products for the '717 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

231.    Upon information and belief, AT&T has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to AT&T Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

232.    Upon information and belief, AT&T has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

233.    Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

234.    Upon information and belief, Defendant Verizon has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Verizon Accused Services and Products for the '717 patent").

235. Upon information and belief, Verizon Accused Services and Products for the '717 patent include, but are not limited to, selling phones and/or providing services to phones such as voicemail.

236. Upon information and belief, Verizon has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Verizon has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Verizon Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

237. Upon information and belief, Verizon has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

238. Because of Verizon's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

239. Upon information and belief, Defendant Samsung has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Samsung Accused Services and Products for the '717 patent").

240.    Upon information and belief, Samsung Accused Services and Products for the '717 patent include, but are not limited to, Samsung Droid Charge; 4G LTE Mobile Hotspot; Fascinate Android Smartphone; Nexus 4g Android; Epic 4G Android; Galaxy S Android; T-Mobile Sidekick 4G Android; Exhibit 4G; Vitality Android; a197 Cell Phone; Gravity TXT QWERTY Cellphone; Mythic Touchscreen Cell Phone; Gem Android; Comment Cell Phone; Chrono Cellphone; Admire Android; Convoy Cell Phone; Conquer 4G Android; Character Touchscreen Cell phone; Freeform III Cell Phone; Dart Android; t528 Cell Phone; Indulge Android; Trender; t340 Cell Phone; t330 Cell Phone; Restore QWERTY Cell Phone; Reality Touchsreen Cell Phone; Gravity Touch QWERTY Cell phone; Factor Cell Phone; m360 Cell Phone; Alias 2 QWERTY Cell Phone; Mondi Smartphone; Messager II Qwerty Cell Phone; MyShot II Cell Phone; Omnia II Touchscreen Smartphone; Freeform Qwerty cell phone; Highlight Touchscreen cell phone; Smooth Cell Phone; t401g Cell Phone; Caliber Touchscreen cell phone; Flight Qwerty cell phone; Trill Cell phone; Double Take Qwerty cell phone; Stunt cell phone; Sunburst Touchscreen cell phone; Strive qwerty cell phone; Exec qwerty cell phone; Rant qwerty cell phone; r355c qwerty cell phone; Stride cell phone; Seek Cell Phone; Rugby II cell phone; Smiley :) QWERTY Cell phone; Code Qwerty cell phone; Intercept qwerty cell phone; Haven cell phone; Intensity II qwerty cell phone; SGH-T369 cell phone; Eternity II Touchscreen cell phone; Gusto cell phone; Messager Touch QWERTy, t259 cell phone; Craft QWERTY; a187; t255G; R335C; Messager III QWERTY; Contour cell phone; Zeal QWERTY; Profile QWERTY; Suede Touchscreen cell; Gem Touchscreen cell; Showcase i500 Android;

Mesmerize i500 Android; Vibrant Android; Nexus Android; Acclaim Android; Galaxy Indulge QWERTY cell phone; Galaxy Prevail Android; a107 cell phone; Solstice II Touchscreen; Evergreen Qwerty; Focus Windows Smartphone; Transform QWERTY; and Replenish.

241.    Upon information and belief, Samsung has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Samsung has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Samsung Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

242.    Upon information and belief, Samsung has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

243.    Because of Samsung's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

244.    Upon information and belief, Defendant Samsung America has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Samsung America Accused Services and Products for the '717 patent").

245. Upon information and belief, Samsung America Accused Services and Products for the '717 patent include, but are not limited to, Samsung Droid Charge; 4G LTE Mobile Hotspot; Fascinate Android Smartphone; Nexus 4g Android; Epic 4G Android; Galaxy S Android; T-Mobile Sidekick 4G Android; Exhibit 4G; Vitality Android; a197 Cell Phone; Gravity TXT QWERTY Cellphone; Mythic Touchscreen Cell Phone; Gem Android; Comment Cell Phone; Chrono Cellphone; Admire Android; Convoy Cell Phone; Conquer 4G Android; Character Touchscreen Cell phone; Freeform III Cell Phone; Dart Android; t528 Cell Phone; Indulge Android; Trender; t340 Cell Phone; t330 Cell Phone; Restore QWERTY Cell Phone; Reality Touchsreen Cell Phone; Gravity Touch QWERTY Cell phone; Factor Cell Phone; m360 Cell Phone; Alias 2 QWERTY Cell Phone; Mondi Smartphone; Messager II Qwerty Cell Phone; MyShot II Cell Phone; Omnia II Touchscreen Smartphone; Freeform Qwerty cell phone; Highlight Touchscreen cell phone; Smooth Cell Phone; t401g Cell Phone; Caliber Touchscreen cell phone; Flight Qwerty cell phone; Trill Cell phone; Double Take Qwerty cell phone; Stunt cell phone; Sunburst Touchscreen cell phone; Strive qwerty cell phone; Exec qwerty cell phone; Rant qwerty cell phone; r355c qwerty cell phone; Stride cell phone; Seek Cell Phone; Rugby II cell phone; Smiley :) QWERTY Cell phone; Code Qwerty cell phone; Intercept qwerty cell phone; Haven cell phone; Intensity II qwerty cell phone; SGH-T369 cell phone; Eternity II Touchscreen cell phone; Gusto cell phone; Messager Touch QWERTy, t259 cell phone; Craft QWERTY; a187; t255G; R335C; Messager III QWERTY; Contour cell phone; Zeal QWERTY; Profile QWERTY; Suede Touchscreen cell; Gem Touchscreen cell; Showcase i500 Android; Mesmerize i500 Android; Vibrant Android; Nexus Android; Acclaim Android; Galaxy Indulge QWERTY cell phone; Galaxy Prevail Android; a107 cell phone; Solstice II Touchscreen; Evergreen Qwerty; Focus Windows Smartphone; Transform QWERTY; and Replenish.

246. Upon information and belief, Samsung America has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that Samsung America has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to Samsung America Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

247. Upon information and belief, Samsung America has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

248. Because of Samsung America's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

249. Upon information and belief, Defendant LG has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("LG Accused Services and Products for the '717 patent").

250. Upon information and belief, LG Accused Services and Products for the '717 patent include, but are not limited to, LG Thrill P925; Attune UN270; Revolution VS910; Genesis US760; G2X P999; Thrive P506; Phoenix P505; Saber UN200; Optimus V VM670;

Optimus U US670; Optimus M MS690; Optimus T; Optimus S and Optimus Series Phones;

Cosmos Touch VN270; Apex US740; Axis LGAS740; Vortex VS660; Quantum C900; Octane

VN 530; Neon II GW 370; Encore GT550; GS170; dLite GD570; Sentio GS505; Wine II AN430

and Series; Vu Plus GR700; Prime GS390; Samba LG8575; GU292; Ally VS740; Fathom

VS750; Remarq LN240; Rumor Touch VM510 and Series; Nite LG230; Imprint MN240;

Mystique UN610; LG620; LG420G; Ellipse 9250; Helix UX310 and other Helix Series Phones;

Cosmos VN250; Arena GT950; Lotus Elite LX610; Accolate VX5600; UX220; eXpo GW820;

Shine II GD710; Chocolate Touch VX8575; Touch AX8575; Force LG370; Script LG265 Green

and other Script Series Phones; Lyric MT375; AX310 other; Bliss UX700; Rumor2 VM265;

Spyder II LG840 and other Spyder Series; LX370; Tritan UX840, AX840 and other AX Series;

Tritan Series; enV Touch VX11000 and other enV Series; Glance VX7100; Neon GT365; Lotus

LX600 Red and other Lotus series; Xenon GR500; Versa VX9600; Vu CU920; Incite CT810;

CP150; Wine UX280; Rhythm UX585; Scoop AX260; Swift AX500; Voyager VX10000;

Invision CB 630; Chocolate 3 VX8560; Dare VX9700; Decoy Series; Glimmer Series; Flare

Series; Venus Series; Chocolate Series; Muziq LX 570; and Wave AX380.

251.    Upon information and belief, LG has committed and continues to commit acts of

contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. §

271(c) in that LG has made, used, sold, offered to sell, or continues to make, use, sell, offer to

sell, services and products including but not limited to LG Accused Services and Products for the

'717 patent, which have no substantial non-infringing uses, and provides such services and

products to its customers, whose use of such services and products constitutes direct

infringement of one or more claims of the '717 patent.

252. Upon information and belief, LG has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

253. Because of LG's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

254. Upon information and belief, Defendant LG USA has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("LG USA Accused Services and Products for the '717 patent").

255. Upon information and belief, LG USA Accused Services and Products for the '717 patent include, but are not limited to, LG Thrill P925; Attune UN270; Revolution VS910; Genesis US760; G2X P999; Thrive P506; Phoenix P505; Saber UN200; Optimus V VM670; Optimus U US670; Optimus M MS690; Optimus T; Optimus S and Optimus Series Phones; Cosmos Touch VN270; Apex US740; Axis LGAS740; Vortex VS660; Quantum C900; Octane VN 530; Neon II GW 370; Encore GT550; GS170; dLite GD570; Sentio GS505; Wine II AN430 and Series; Vu Plus GR700; Prime GS390; Samba LG8575; GU292; Ally VS740; Fathom VS750; Remarq LN240; Rumor Touch VM510 and Series; Nite LG230; Imprint MN240; Mystique UN610; LG620; LG420G; Ellipse 9250; Helix UX310 and other Helix Series Phones; Cosmos VN250; Arena GT950; Lotus Elite LX610; Accolate VX5600; UX220; eXpo GW820;

Shine II GD710; Chocolate Touch VX8575; Touch AX8575; Force LG370; Script LG265 Green and other Script Series Phones; Lyric MT375; AX310 other; Bliss UX700; Rumor2 VM265; Spyder II LG840 and other Spyder Series; LX370; Tritan UX840, AX840 and other AX Series; Tritan Series; enV Touch VX11000 and other enV Series; Glance VX7100; Neon GT365; Lotus LX600 Red and other Lotus series; Xenon GR500; Versa VX9600; Vu CU920; Incite CT810; CP150; Wine UX280; Rhythm UX585; Scoop AX260; Swift AX500; Voyager VX10000; Invision CB 630; Chocolate 3 VX8560; Dare VX9700; Decoy Series; Glimmer Series; Flare Series; Venus Series; Chocolate Series; Muziq LX 570; and Wave AX380.

256. Upon information and belief, LG USA has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that LG USA has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to LG USA Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

257. Upon information and belief, LG USA has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

258. Because of LG USA's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

259. Upon information and belief, Defendant T-Mobile has infringed and continues to infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("T-Mobile Accused Services and Products for the '717 patent").

260. Upon information and belief, T-Mobile Accused Services and Products for the '717 patent include, but are not limited to, T-Mobile Comet, G2x, and Sidekick 4G.

261. Upon information and belief, T-Mobile has committed and continues to commit acts of contributory infringement of one or more of the claims of the '717 patent under 35 U.S.C. § 271(c) in that T-Mobile has made, used, sold, offered to sell, or continues to make, use, sell, offer to sell, services and products including but not limited to T-Mobile Accused Services and Products for the '717 patent, which have no substantial non-infringing uses, and provides such services and products to its customers, whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

262. Upon information and belief, T-Mobile has induced and continues to induce others to infringe one or more claims of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of one or more claims of the '717 patent.

263. Because of T-Mobile's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Brandywine demands judgment against Apple, Motorola, RIM, RIM USA, Kyocera, Casio, Casio America, HTC, HTC America, NEC, Nokia, Nokia USA, Huawei, Huawei USA, Cricket, Leap, AT&T, Verizon, Samsung, Samsung America, LG, LG USA, and T-Mobile, and against their respective subsidiaries, affiliates, agents, servants, employees, licensees, and all persons acting or attempting to act in active concert or participation with them or acting on their behalf, granting the following relief:

A.      A judgment in favor of Brandywine that Defendants have infringed, directly and/or indirectly, and by way of inducing and/or contributing to the infringement of the '922 and '717 patents;

B.      An award of damages adequate to compensate Brandywine for the infringement, inducement of infringement, and contributory infringement, together with pre- and post-judgment interest and an accounting;

C.      Increased damages pursuant to 35 U.S.C. § 284;

D.      A finding that this case is exceptional and an award to Brandywine of its attorneys fees, expenses and costs pursuant to 35 U.S.C. § 285; and

E.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Brandywine demands a trial by jury.

Dated:  September 13, 2011                           Respectfully submitted,

 

 

Christopher T. Hill, Esquire
Florida Bar No. 0868371
Steven R. Main, Esquire
Florida Bar No. 0144551
Hill, Rugh, Keller & Main, P.L.
390 North Orange Avenue, Suite 1610
Orlando, Florida 32801
Telephone:  (407) 926-7460
Telecopier:  (407) 926-7461
chill@hrkmlaw.com
steve@hrkmlaw.com

Attorneys for Plaintiff
Brandywine Communications Technologies, LLC