**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC.,

      Plaintiff,

v.                                                     CASE NO. 6:11-cv-1512-Orl-36DAB

APPLE INC., MOTOROLA MOBILITY
HOLDINGS, INC., RESEARCH IN
MOTION LIMITED, et al.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge David A. Baker on January 24, 2012. (Doc. 199). In the Report and Recommendation, Judge Baker concludes that joinder of the Defendants is inappropriate, and recommends that the claims against each Defendant be severed and pursued in separate actions. However, recognizing the importance of a unified approach to claim construction and validity of the same Patent, the Magistrate Judge recommends coordinated case management. Plaintiff Brandywine Communications Technologies, LLC. ("Brandywine" or "Plaintiff") filed a Notice of Non-Opposition to the Report and Recommendation Regarding Severance on February 8, 2012. (Doc. 211).

The Court is satisfied that the arguments advanced by Brandywine are insufficient to warrant joinder. Pursuant to Federal Rule of Civil Procedure 20, a plaintiff may join claims against defendants if the claims "aris[e] out of the same transaction, occurrence, or series of transactions or

occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). A party seeking joinder under Rule 20 must establish the right to relief arising out of the same transaction or occurrence, and some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Less*, 338 F.3d 1304 (11th Cir. 2003). However, the Eleventh Circuit emphasizes that the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Id.* Also, Federal Rules of Civil Procedure 20(b) and 42(b) grant the district court discretion to order separate trials or make such other orders as will prevent delay or prejudice. *Alexander*, 207 F.3d at 1323.

Magistrate Judge Baker found that Brandywine's Complaint[1] lacked allegations "that all Defendants were acting in concert with one another with respect to the actions complained of or that the claims of infringement of the Patents are interrelated." Doc. 199, p.3. The fact that the same Patent is at issue, with respect to each Defendant, is insufficient on its own to meet the same transaction or occurrence requirement of Rule 20. *See* Doc. 199, p.4; *See, e.g., Rudd v. Lux Prods. Corp.*, No. 09 CV 6957, 2011 WL 148052, at *2-3 (N.D. Ill. 2011); *Pereo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed upon the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."). Although The Leahy-Smith America Invents Act 35 U.S.C. § 299 (the "Act") became effective following the filing of this action, the Court agrees that the severance of these claims is

---

[1] The Court denied Plaintiff's Motion for Leave to File First Amended Complaint on January 6, 2012. (Doc. 171). Thus, the operative Complaint was filed on September 13, 2011. (Doc. 1).

consistent with the Act, wherein the first element of Rule 20's joinder test is not satisfied when unrelated defendants are accused of independently infringing on the same patent.

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 199) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. The claims against each Defendant shall be severed and pursued in separate actions. By February 21, 2012, Plaintiff shall file new complaints, civil cover sheets and pay new filing fees. Once filed, the Clerk is directed to assign these separate actions to United States District Judge Charlene Edwards Honeywell and United States Magistrate Judge David A. Baker.

3. Any Defendant already properly served in this action may be served by delivery of new process on its counsel. Defendants shall respond to the complaints within twenty-one (21) days.

4. The Court will hold a joint conference on these cases, with both District Judge Honeywell and Magistrate Judge Baker presiding, on March 29, 2012 at 2:00 p.m. The attorneys are encouraged to confer regarding the unique case management issues presented by these cases prior to the conference.

5. This action is **DISMISSED**.

6. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Orlando, Florida, on February 17, 2012

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD